IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Olayemi Ejiogu, | Case No. 3:09 CV 2243 |
| Plaintiff, | CASE MANAGEMENT <u>CONFERENCE ORDER</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Proctor & Gamble Company, | |
| Defendant. | |

Case Management Conference held on December 11, 2009.

1. The following attorneys were present (via phone):

   a. Plaintiff's lead counsel: Kendall Isaac

   b. Defendant's lead counsel: Michael Glassman and Kathleen Carnes

2. A written stipulation (Local Rule16.3(b)(3)) was filed.

3. After consultation with the parties and counsel, the Court determined that this case will proceed on the STANDARD track.

4. The parties did not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

5. Rule 26(a) disclosures: **December 17, 2009**

6. Deadline for amending pleadings / adding parties: **January 29, 2010**

7. Settlement pretrial conference: **Friday, January 15, 2010 at 1:30 p.m.** before Judge Jack Zouhary in Columbus, Ohio at the United States District Court, Joseph P. Kinneary United States Courthouse, 85 Marconi Boulevard, Room 301, Columbus, OH 43215-2835. Lead counsel and parties, or a representative with full authority to negotiate and settle, are to appear in person. Further, each party shall submit an ex parte letter summarizing the settlement position to the Judge's Chambers by fax (419-213-5680) three (3) days before the conference.

* * *

Defendant Proctor & Gamble Co. filed a Motion to Dismiss Plaintiff's claims for (1) age discrimination under the Age Discrimination in Employment Act (ADEA) and Ohio Revised Code 4112, (2) retaliation based on sex or gender under Title VII, and (3) intentional infliction of emotional distress (IIED) (Doc. No. 5). The Motion is granted.

Plaintiff's claims for ADEA age discrimination and Title VII retaliation are dismissed because Plaintiff failed to exhaust her administrative remedies on these claims. Plaintiff first raised these claims in her Complaint in the instant case. Plaintiff does not dispute that she did not file an age discrimination or retaliation claim with the EEOC, but she did file a complaint based on race, sex, national origin, and disability discrimination. The facts allegedly provided to the EEOC would not have prompted an investigation into age discrimination or retaliation. *See Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

The parties dispute which statute of limitations applies to Plaintiff's state law age discrimination claim -- one providing for a 180 day statute of limitation, or one providing for a six year statute of limitation. If the 180 day statute applies, then the claim is time-barred. The 180 day

statute of limitations is found in Revised Code 4112.02(N) and, on its face, is limited to age discrimination cases. The six year statute of limitations is the general statute of limitations for cases brought under Revised Code 4112.99.

The most recent and authoritative guidepost on this issue is *Meyer v. United Parcel Serv.*, 122 Ohio St. 3d 104 (June 2, 2009). That case strongly suggests the 180 day statute of limitations is applicable. Following that lead, Plaintiff's state law age discrimination claim is time-barred.

In light of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), Plaintiff's IIED claim is also dismissed. Those cases require a pleading to state a plausible claim in order to survive a Federal Civil Rule 12(b)(6) motion to dismiss. *See Hastings Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Plaintiff has not alleged a plausible IIED claim here. She has not identified in her Complaint the requisite extreme or outrageous conduct for an IIED claim, but merely relies upon general factual allegations, none of which amount to extreme or outrageous conduct in Ohio. "To say that Ohio courts narrowly define 'extreme and outragous conduct' would be something of an understatement." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999).

Plaintiff's claims for federal and state law discrimination, state law retaliation based on sex discrimination, and breach of contract, all unaddressed by the Motion, remain for disposition.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 15, 2009